## DURDEN v. ROSENBERG et al.*
### No. 14562.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Jos. A. Casey, of New Orleans, for appellant.

Gill & Simon, of New Orleans (Warren Simon, of New Orleans, of counsel), for appellee.

WESTERFIELD, Judge.

Plaintiff claims $300, including an item of $15 for attorney's fees, as damages for the alleged illegal seizure of her property. She was awarded $105 by the trial court. Defendant has appealed.

The defense to this suit, as set up in the answer, is based upon an alleged agreement in writing absolving plaintiff from responsibility for the seizure of the property, a defense which apparently involves an admission of illegal seizure. In this court, however, in argument and in brief, no reference is made to the defense set up in the answer, the contention being, in the first place, that the property does not belong to the plaintiff, but to her mother, the judgment debtor, against whom the writ of fieri facias, under which the property was seized, was issued; and, secondly, in the alternative, if the title to the property is in plaintiff, the fact that she lives with her mother in premises rented by the mother, where the household furniture was allowed to remain and be used by her mother, was sufficient to render it subject to seizure by a creditor of her mother. If any damages were suffered as a result of the seizure of the property, they were suffered by the mother, it is said, and not by the daughter.

Concerning the first defense that is raised in the answer, it is sufficient to say that there is no proof whatever in its support, and the same can be said of the other defense concerning ownership of the seized property, for it has been conclusively established that it belonged to the plaintiff. Finally, we know of no authority which would support the novel proposition that its mere presence in plaintiff's mother's residence would subject the furniture to seizure by one of her mother's creditors. We are convinced of the liability of defendant.

Plaintiff has asked for an increase in the award, and she is, we believe, entitled to substantial damages. She appears to be a respectable young negress, who teaches school for a living, earning a salary of $135 a month. She lives with, and largely supports, her mother and nine other children. The household furniture, for the most part, belonged to her. When the constable, accompanied by defendant's agent, attempted to execute a fi. fa. issued under a judgment obtained against plaintiff's mother, she protested against the seizure of anything except her mother's property, which consisted of several articles of little value pointed out by her. She exhibited a chattel mortgage on the other property showing that she had purchased it and that it was unpaid for. Notwithstanding this evidence of her ownership, defendant's agent insisted that the constable seize the property belonging to her, which he did, and it was removed to the storehouse of defendant. Following the seizure, plaintiff called at defendant's place of business and showed him the evidence of her ownership of the property, which she had shown his agent and the constable. Instead of immediately returning to plaintiff the property which he had caused to be seized, the defendant took his own time, with the result that the plaintiff was deprived of her furniture for three or four days longer, without any excuse for the delay, which aggravated the inconvenience and annoyance caused by the seizure to an unnecessary extent. Under the circumstances, we believe the amount awarded by the trial court too small, and will increase it to $200.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded from the sum of $105 to the sum of $200, and, as thus amended, the judgment is affirmed.

Amended and affirmed.

---

*Rehearing denied June 29, 1933.